[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AND MOTION TO AMEND
I.
It is useful to set out the tortuous, serpentine procedural course that this case has followed to date.
On April 6, 1989, the plaintiff Grey Electric, Inc. filed a two count complaint against defendants Daniel D. Skuret and Marcia E. Skuret sounding in breach of contract (first count) and negligence (second count). On May 4, 1990, the defendants filed an answer, three special defenses, and a three count counterclaim. On September 12, 1990, plaintiff simultaneously filed a motion to strike paragraph 10 of the first and second counts of defendants' counterclaim. On March 20, 1991, the court (Jones, J.), granted plaintiff's motion to strike based on a finding that defendants' allegation that plaintiff's failure to complete the installation of the security system caused or resulted in a burglary and in defendants' loss is conclusory and expressive of a legal opinion. Additionally, the court found that plaintiff had waived his right to a judicial determination of plaintiff's requests to revise because of the simultaneous filing of these pleadings. On April 17, 1991, defendants moved to amend the counterclaim and plaintiff timely objected thereto. On May 13, 1991, the court (Meadow, J.) denied defendants' motion to amend except as to the sixth and seventh counts. On September 20, 1991, plaintiff filed an answer and special defense to defendants' counterclaim and a reply to defendants' special defenses. On November 27, 1991, plaintiff filed a motion for default against defendants for failure to reply to plaintiff's special defenses to the counterclaim; said motion was granted on the same day by the clerk of the court. The plaintiff moved for judgment and requested a hearing in damages on CT Page 8286 January 17, 1992. On February 26, 1992, defendants filed a claim to the trial list, a request for leave to amend their counterclaim and an appearance by an additional attorney. On March 13, 1992, plaintiff filed a motion to transfer and a motion to strike defendants' request to amend their counterclaim, and defendants' claim for the jury docket and civil trial list. These motions were argued on July 13, 1992 and the court reserved judgment on the motions to strike and amend when it was unclear to it from the arguments of either counsel just how the case could be on a hearing in damages list.
 II.
A motion to strike is the proper vehicle to test the legal sufficiency of the allegations of any complaint, counterclaim or crossclaim. (Emphasis added). Practice Book 152. Defendants' request to amend is not such a pleading and therefore the motion to strike is not proper insofar as it addressed the motion to amend. Because the defendants were defaulted for failure to plead on November 27, 1991, and have not moved to set aside the previously entered default pursuant to Practice Book 376[1], the defendants' request cannot be considered by the court at this time. For the same stated reasons, defendants' "claim for the jury docket" and "claim for the civil trial list" cannot be considered by the court at this time.
 III.
Finally, the court is constrained to comment on the messy present procedural posture of this case which will be its problem with respect to any final judgment which it might be required to enter in this case after either hearing or trial.
A judgment in a lawsuit can enter on a complaint or a counterclaim. A complaint consists of numbered paragraphs in which the plaintiff sets out the factual and legal bases of his right to recover against the defendant. A counterclaim is basically the same thing, except that it is filed by a defendant in a case against the plaintiff who sued him.
At the time the defendants in this case were defaulted on the plaintiff's motion by entry of a default by the clerk under Practice Book 363A, there was an answer and special defenses to the plaintiff's complaint on file with the clerk. The plaintiff denied the special defenses so these pleadings were closed. If the plaintiff is to recover money damages of the defendants it must be on the basis of its own complaint. Yet no default for failure to plead could have entered as to it because all pleadings were closed.
CT Page 8287 At the time of the entry of default by the clerk, the counterclaiming defendants had not answered the plaintiff's special defenses to the defendants' counterclaim. The normal remedy where a counterclaimant has not closed its pleadings or properly prosecuted its claim is to throw the counterclaim out of court neither by nonsuiting or dismissing that counterclaim. However, neither nonsuit or dismissal was moved or granted. The court is unaware of any procedure whereby a dilatory party can be defaulted by the clerk on his or her own counterclaim against someone else, which after entry of default could then result in a money judgment in favor of that opposing party on the dilatory counterclaimants' own counterclaim.
 IV.
The court notes that although this case was filed in 1989, it has dragged on for far too long. The matter is ripe for judicial intervention as to its lack of progress and all counsel are hereby ordered to report to a trial status conference before the Honorable Hugh C. Curran, Administrative Judge, on September 30, 1992 at Superior Court, 14 West River Street, Milford, at 9:30 a.m., courtroom C.
Flynn, J.